IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD GARY, JR., ) <br> # 222516, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DEBORAH TONEY, et al., ) <br> ) <br> Respondents. ) | CASE NO. 3:22-cv-122-WHA-SMD <br> (WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate James Edward Gary, Jr. Doc. 1. Gary challenges his conviction for capital murder entered against him in the Circuit Court of Lee County in August 2005. That court sentenced Gary on October 12, 2005, to life in prison without the possibility of parole. Gary claims that newly discovered evidence establishes his actual innocence of the crime for which he was convicted. For the reasons that follow, the Magistrate Judge recommends that Gary's § 2254 petition be DISMISSED for lack of jurisdiction as a successive petition filed without the required appellate court authorization.

### II.   ANALYSIS

This is Gary's second habeas petition under 28 U.S.C. § 2254 challenging his 2005 Lee County capital-murder conviction and life-without-parole sentence. Gary filed his first § 2254 petition in December 2007. *Gary v. Jones*, Case No. 3:07-cv-1074-WKW. In May

2010, this Court denied Gary's petition and dismissed with prejudice. *Id.*, Docs. 22, 30–31.

"Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Gary's instant § 2254 petition, his second, is a successive petition subject to the limitations of § 2244(b). Gary furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed on his successive habeas petition, and this Court's review of the Eleventh Circuit's docket reveals that no such certification has been sought or granted. "Because this undertaking [is a successive] habeas corpus petition and because [Gary] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, this petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Gary's 28 U.S.C. § 2254 petition (Doc. 1) be DISMISSED for lack of jurisdiction, as Gary has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that **by March 28, 2022,** Gary may file objections to the Recommendation. Gary must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE on this 14th day of March, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE